JESSE THACKER, Respondent, v. R. G. DUN et al.,
Appellants.

January 31, 1876.

Defendants collected a note belonging to plaintiff, which had been transmitted
to them by an attorney, and applied the proceeds to a debt owing to them
by the attorney. This application, though made with the consent of the
attorney, was a conversion for which defendants were liable to the plaintiff.

APPEAL from St. Louis Circuit Court.
*Affirmed.*

*Joseph T. Tatum*, for appellants, cited : 1 Greenl. on Ev.,
sec. 577 ; Pinto v. Santos, 5 Taun. 447 ; Stephens v. Bab-
cock, 3 B. & Ad. 354 ; Whitman v. Felton, 28 Mo. 603 ;
Bigelow v. Davis, 16 Barb. (N. Y.) 561 ; Armstrong v.
Smith, 3 Blackf. (Ind.) 251 ; Indap v. Dyott, 3 Blackf.
(Ind.) 324 ; Benton v. Craig, 2 Mo. 189 ; Burton v. Collin,
3 Mo. 315 ; Cockrill v. Kirkpatrick, 9 Mo. 697 ; Beardslee
v. Boyd, 37 Mo. 180.

*A. R. Taylor*, for respondent, cited : Pope v. Askew, 1
Ired. (N. C.) 16 ; Doe, *ex dem.* Mudd, v. Suckermore, 5
Ad. & E. 705.

GANTT, P. J., delivered the opinion of the court.

It appears that, in 1866, the defendants Dun & Co.
were collecting agents ; that Work was their correspondent
at Carlinville, Illinois ; that plaintiff placed in Work's hands,
for collection, a note made by Allen, of Chester, Illinois, in
favor of Thacker (plaintiff) ; that Work sent this note to
Dun & Co., at St. Louis ; that they sent it to their
agent, Watt, at Chester ; and that they directed that the
future correspondence on the subject of it should be confined
to Watt and Work. In April, 1868, Watt collected and
remitted to Dun & Co. $550 on account of this note.
In the interval, Longman, the agent in St. Louis of Dun &
Co., had gone into some private enterprises with Work,
in the course of which he had indorsed for him, in the name

of R. G. Dun & Co., two acceptances, one for $250
and the other for $300, both of which were protested.
Longman had been urgent with Work to pay these bills, and
when this money was received he applied it to that purpose.
Longman says that Work had sanctioned the application, by
letters written before the money was collected. He had
destroyed these letters. Work denies that he ever directed
such an application. His account of it is that "he
(Longman) had interfered, and by some means got Watt
to send the money through the agency." We quote his
language, not because this general statement is a proper
mode of proving such interference, but because Work's
statement appears by a deposition filed in the cause ; and
Longman, who was examined orally at the trial, entirely
fails to clear up this suspicious circumstance of the remit-
tance to Dun & Co. by their agent Watt, after the
latter had received instructions to communicate directly with
Work. This certainly needed explanation. Work had
charged that it was done by Longman's procurement, and
the failure of Longman to notice it at all forces us to resolve
all that is doubtful about it against him, and, consequently,
against his principals. He was their general agent here.
No question is made of the fullness of his authority to sign
their name and carry on their business.

Stress is laid, by appellant's counsel, on the evidence tend-
ing to show that Longman, in indorsing for Work in aid of
the enterprise in which they engaged, was acting merely for
Work's accommodation. This is not so clear, but we think
it unimportant ; and it is also immaterial that this business
was of the kind called "a gift enterprise," from which
Work testifies that Longman wished his name and that of
his principals to be disconnected, but that the share of the
expected profits to be received by Longman for his agency
was perfectly understood between them. We place our
decision on other grounds.

The court gave the following instructions for the plaintiff:

1. "If the jury believe from the evidence that Dun's Mercantile Agency, of which defendant was a partner, received from Work, attorney of plaintiff, a note, the property of plaintiff, against one Allen, and that the said agency collected $550 on said claim on 30 of April, 1868, and further find that said agency refused to pay said sum at the time of the collection, or at any time since, then the jury should find for the plaintiff the sum of $550, with interest from the time of such refusal to pay.

2. "The court declares the law to be that, if the agency of Dun & Co. received plaintiff's claim for collection, and received thereon the sum of $550, defendant could not apply plaintiff's money to the payment of a draft on which defendant's name was indorsed, even if so directed by Work, plaintiff's attorney.

3. "The court declares the law to be that, if Work, as attorney of plaintiff, sent a note through defendant's agency for collection, and said agency received $550 thereon about April 30, 1868, and then refused to pay over the same, plaintiff is entitled to recover of defendant $550, and interest from said April 30, 1868."

The defendant asked several instructions.

1. The first was a general demurrer to the evidence.

2. The second declared that defendants had the right to appropriate the money received on the claim, which was under Work's control, to the payment of Work's acceptance, indorsed by defendants for his accommodation.

3. The third declared that, if defendants were led to believe that Work "owned or controlled" the claim against Allen, defendants were justified in treating it as Work's property.

4. That the payment of the money to defendants by Watt was equivalent to a payment to Work, and that, therefore, plaintiff could not recover.

5. The fifth instruction stated the facts supposed to be

shown by the evidence, and deduced the conclusion that plaintiff could not recover.

All of these instructions the court refused, defendants duly excepting.

1. We think the case a very plain one. The only error we perceive in the record is not one of law, but of fact. We do not understand how it was that the verdict was for only $580. This is much less than $550 and more than five years' interest, such as the triers of the fact were directed by the third instruction to give to the plaintiff. But this is not an error of which we can take any cognizance. There was, in fact, no positive evidence of a demand prior to the bringing of the suit; but there was evidence of a conversion of the fund as early as April, 1868. We entirely approve of the instructions given for the plaintiff.

2. None of the instructions refused embodied a correct legal principal. The first need not be noticed. The second declared that the party having "control" of a claim was entitled to apply to his own use the proceeds of it. The third, that if defendants were "led to believe" (by whom? by plaintiff or by some third person?) that Work "owned or controlled" the claim, then, etc. The fourth, that payment to Dun & Co. was equivalent to payment to Work; therefore, etc. Now, for some purposes it was equivalent. So far as Watt was concerned, it was the same thing. If the money had come to the hands of Work, he being in St. Louis, and he had, with the knowledge of Dun & Co., appropriated it to the payment of the bills indorsed by them, we think that they could not have justified such a misapplication of the fund, but would have been answerable to plaintiff as for money received to his use. Such, however, is not the case here; and very clearly this instruction is not law. The fifth instruction has been considered in our dealing with the second, third, and fourth.

The questions presented by this record are not of difficult

solution by any means; but we take occasion to say that the utmost good faith is demanded from all persons occupying, towards the owner of a claim, the relations which Work, Watt, and Dun & Co. occupied towards Thacker. By no juggle could any of them escape from liability to be charged as agent of the plaintiff, or so contrive it that any of them should be at liberty to treat any of the others as owner of the claim, and to appropriate it to his own use. To permit this would be to allow one of several bailees to commit a breach of trust to the advantage both of his co-bailee and himself—all of them having notice of the trust, and necessarily, therefore, of the breach of it. It is not to be seriously contended here that Dun & Co. supposed that Work could appropriate this money except by being faithless to the plaintiff. We think it proper to add that we see no reason to charge any such intention on Work, and that Mr. Watt is entirely unconnected with any impropriety in this matter.

We order the judgment to be affirmed, with 10 per cent. damages. All the judges concur.